**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| ALEXANDER JOSE CONCHO-MEDINA | CIVIL ACTION NO. 26-4710 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WINN CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE PEREZ-MONTEZ |

**MEMORANDUM ORDER**

Before the Court is a Motion for a Temporary Restraining Order filed by Georgina Marie Castro Martinez ("Petitioner"), acting as next friend on behalf of Alexander Jose Concho-Medina ("Concho-Medina"). See Record Document 2. The motion seeks emergency injunctive relief.

Concho-Medina was detained on or about October 11, 2026. See Record Document 1. On October 13, 2026, Concho-Medina was transferred to the Winn Correctional Center in Winnfield, Louisiana. See id. Concho-Medina has a pending application for a writ of habeas corpus. See id. The petition for writ of habeas corpus argues that Concho-Medina's continued detention without an individualized bond hearing violates procedural and substantive due process. See id. In Petitioner's Motion for a Temporary Restraining Order, she asks the Court to restrain Respondents from transferring Concho-Medina out of the Western District of Louisiana, or from removing him from the United States. See Record Document 2.

An applicant for a Temporary Restraining Order ("TRO") and/or a Preliminary Injunction must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may

do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

To the extent that Petitioner seeks to prohibit Concho-Medina's transfer to any other district pending adjudication of his habeas petiton, the Motion for Temporary Restraining Order is hereby **DENIED**. The Court notes that, this Court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Finally, Petitioner seeks to stay Concho-Medina's removal. A request for stay of removal is a challenge to a removal order. See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (citing In re Asemani, 2025 WL 1823953, at *1 (4th

Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order)). The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id., (citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted)). Here, it appears that the request is premature, as there is no indication in the record that a final removal order has been entered. Moreover, this Court lacks jurisdiction to grant Petitioner's request to restrain Respondents from removing Concho-Medina from the United States while he seeks review of his Habeas Petition. See Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that the district court was without jurisdiction to grant a stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

Accordingly,

**IT IS ORDERED** that the Motion for a Temporary Restraining Order (Record Document 2) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of November, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE